Frank S. McCullough, J.
This is an action to declare unconstitutional an amendment to the Building Code of the City of Mount Vernon upon the ground that it is unreasonable and oppressive as it applies to the plaintiff’s property. The parties have stipulated as to the principal facts herein.
The plaintiff’s premises consist of 11 three-room apartments situated in the City of Mount Vernon. Prior to November 25, 1955, the Building Code of the City of Mount Vernon apparently permitted the maintenance of said premises as constructed. However, on November 25,1955, an ordinance was enacted which required the installation of a bathtub or shower and a bathroom wash basin with adequate hot and cold water for the bathtub or shower. The plaintiff’s premises contain water closets in each apartment. However, pursuant to the 1955 amendment to the Building Code, the City of Mount Vernon sought to compel the plaintiff to install a bathtub or a shower and a washstand in each water closet. The cost of making the renovations required under the Building Code ordinance amendment will be $11,000. The parties stipulated that if called to testify, a physician would state that sponge baths in front of the kitchen sink are sufficient to maintain reasonable cleanliness.
While the enactment of the subject ordinance is within the field of legislative power of the City of Mount Vernon under *984 the Constitution and statutes, the court notes that municipalities are not permitted to abuse the police power and that improvements required by ordinances enacted through the exercise of the police power must be reasonable, proper and fair when considered with reference to the object to be attained. (See Betty-June School v. Young, 25 Misc 2d 909; Adamec v. Post, 273 N. Y. 250.)
The court finds particularly applicable two decisions by Mr. Justice Holmes: 1. Block v. Hirsh (256 U. S. 135,156) in which the court stated: “As there comes a point at which the police power ceases and leaves only that of eminent domain, it may be conceded that regulations of the present sort pressed to a certain height might amount to a taking without due process of law.”
2. Rideout v. Knox (148 Mass. 368, 372-373 [Sup. Ct. of Mass.]) in which the court stated: “It may be said that the difference is only one of degree: most differences are, when nicely analyzed. At any rate, difference of degree is one of the distinctions by which the right of the Legislature to exercise police power is determined. Some small limitations of previously existing rights incident to property may be imposed for the sake of preventing a manifest evil; larger ones could not be except by the exercise of the right of eminent domain. (Italics supplied.)
The thrust of the above cases and of similar cases is to the effect that even in the face of a “ manifest evil ” larger limitations cannot be made upon a property owner except by the right of eminent domain.
The court does not find a “ manifest evil ” in the instant case. It is significant that the New York State Legislature in promulgating the Multiple Dwelling Law (§ 250) and the Multiple Residence Law (§ 42) required only water closets and no showers or bathtubs in previously existing multiple dwellings. As the court stated in Tenement House Dept. v. Moeschen (179 N. Y. 325, 331): “ The single question is presented in this case whether the legislation under consideration is a lawful exercise of the police power, imposing upon the citizen only such expenses as are reasonable.”
The court finds that the subject ordinance as it applies to the plaintiff’s property is unconstitutional as - requiring the unreasonable deprivation of his property as the court stated in Incorporated Vil. of Brookville v. Paulgene Realty Corp. (24 Misc 2d 790, 798):
‘ ‘ A rule which would permit the destruction of valuable rights by simply relating the matter to the general welfare, as plaintiff *985 seeks to do here, would make a shambles of the due process clause of the Constitution.
" How far the police power will go in sustaining a governmental agency in interfering with established property rights without paying compensation therefor is not capable of exact statement. Apparently it is a matter of weighing the urgency of the evil to be corrected against the cost to the property owner of complying with the new law, or the diminution in value which results from it, and as was said in Pennsylvania Coal Co. v. Mahon (260 U. S. 393, 413): ‘ When it reaches a certain magnitude, in most if not all cases there must be an exercise of eminent domain and compensation to sustain the act. So the question depends upon the particular facts. ’ ”
Accordingly, the court grants judgment for the plaintiff, declaring that section 17.03 of article 7 and subsection 17.032 of the Building Code of the City of Mount Vernon, as amended, insofar as it affects the plaintiff’s property, and upon the proof presented and the conditions now existing, is unconstitutional.