**CITY OF ST. LOUIS, Missouri, Respondent,**

v.

**Paul F. BRUNE, Appellant.**

Nos. 54702, 54703.

Supreme Court of Missouri,
Division No. 2.

May 10, 1971.

Robert W. Van Dillen, City Counselor, Daniel T. Tillman, Associate City Counselor, St. Louis, for respondent.

J. E. Sigoloff, St. Louis, for appellant.

DONNELLY, Presiding Judge.

Appellant, Paul F. Brune, an owner of rental property in the City of St. Louis, was convicted and fined in the St. Louis Court of Criminal Correction for violation of Ordinance 51637, which provides, in part, that every dwelling unit "shall have a tub or shower bath in good working condition, properly connected to approved hot and cold water and sewer systems in the toilet room or in a separate room adjacent to such dwelling unit."

Appellant concedes that he is in violation of the ordinance. He contends on appeal (and contended before and during the trial) that the above requirements constitute "an illegal, unreasonable and confiscatory exercise of the police power, in violation of the Constitution of the State of Missouri 1945, Article 1, Section 10 [V.A. M.S.], and the Constitution of the United States, Fourteenth Amendment, Section 1, in that the requirement that premises be provided with a bath or shower connected to hot water bears no reasonable relation to health, welfare and safety, and deprives Appellant of the moneys required to be expended without due process of law."

The problem of attempting to reconcile the quest for adequate housing for tenants with protection for the property rights of landlords has drawn the attention and consideration of the scholars and of the courts (See, e. g.: Salsich, Housing and the States, The Urban Lawyer, Winter, 1970, p. 40; Mandelker, Housing Codes, Building Demolition, and Just Compensation: A Rationale for the Exercise of Public Powers Over Slum Housing, 67 Michigan Law Review 635; Note, Municipal Housing Codes, 69 Harvard Law Review 1115; Gribetz and Grad, Housing Code Enforcement: Sanctions and Remedies, 66 Columbia Law Review 1254; City of Louisville v. Thompson, Ky., 339 S.W.2d 869; Dente v. City of Mount Vernon, 50 Misc.2d 983, 272 N.Y.S.2d 65; and Safer v. City of Jacksonville, Fla.App., 237 So.2d 8). The problem received the attention of our General Assembly in 1969 (V.A.M.S. §§ 441.-500–441.640).

The essential question presented "is whether the ordinance in question is fairly referable to the police power of the respondent municipality, and whether the expressed requirements or regulations of the ordinance have a substantial and rational relation to the health, safety, peace, comfort, and general welfare of the inhabitants of the municipality. If such question may be answered in the affirmative, then, under the decisions of this court and of the federal Supreme Court, * * * the ordinance cannot be held to infringe the constitutional rights and guaranties invoked by

the appellants, unless it well can be said that the ordinance 'passes the bounds of reason and assumes the character of a merely arbitrary fiat.' Purity Extract [and Tonic] Co. v. Lynch, 226 U.S. 192, 204, 33 S.Ct. 44, 47 (57 L.Ed. 184)." Bellerive Inv. Co. v. Kansas City, 321 Mo. 969, 981–982, 13 S.W.2d 628, 634.

Appellant sought in the trial court to introduce evidence that the premises involved had been operated at a loss the previous year; that their worth after the improvements were made would be less than the cost of installation; that after the installation, the property would be unrentable at a price that would compensate him for the expenditure; that the neighborhood was filled with vacant, unrentable property, which has been extensively vandalized; that certain property in the same neighborhood had become unrentable after installation of such improvements and subsequently been vandalized; that bathtubs and showers were not absolute necessities for public health but were mere conveniences for the use of tenants; that appellant had lived for the first twenty years of his life on a farm where there was no bathtub or shower, with no ill effects to his health; and that basic cleanliness and sanitation could be maintained by use of soap and cold water in a kitchen sink. All of such evidence was excluded by the trial court on objection by the City. Appellant contends the evidence was relevant and material to the constitutional question presented and that the trial court erred in excluding it. We agree.

This case was tried by the court without a jury. In this situation, we would ordinarily "consider any evidence which was rejected by the trial court" (Rule 73.01(d), V.A.M.R.), if "the offer of proof was * * * complete and full" (Kansas City Assemblage Company v. Lea, Mo.App., 405 S.W.2d 241, 246), and would finally dispose of the case on appeal. However, on the record preserved in this case, we decline to rule the constitutional issue presented on this appeal.

The judgment is reversed and the cause remanded for new trial. Thompson v. Pinnell, 237 Mo. 545, 141 S.W. 605[3].

All of the Judges concur.